**IN THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| **TATANISHA ROBINSON,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO:** |
| | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT** |
| **CAMPBO, INC.,** | ) | (Jury Trial Demanded) |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiff Tatanisha Robinson would respectfully show the Court as follows:

NATURE OF ACTION

1.      This is an action for pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k).

JURISDICTION AND VENUE

2.       Jurisdiction and venue are conferred on this Court by 42 U.S.C. § 2000e(5)(f)(3). Florence Division is the appropriate Division because Plaintiff was employed by Defendant at its business establishment in Pageland, South Carolina.

PARTIES

3.      Plaintiff is a resident and citizen of Pageland, South Carolina.  She was formerly employed by Defendant.  Plaintiff is an employee, individual, and person within the meaning of the Title VII.

4.      Defendant CampBo, Inc., is a corporation incorporated in the State of South Carolina with its principal place of business located in Chesterfield, South Carolina.  Defendant has a place of business located in Pageland, South Carolina, where Plaintiff was employed.

1

5.      Defendant is an employer within the meaning of Title VII.

BACKGROUND FACTS

6.      Defendant operates a Bojangles franchise in Pageland South Carolina known as Bojangles of Pageland.

7.      Defendant's store manager in Pageland hired Plaintiff on April 2, 2008 to work in a grill position.

8.      Plaintiff reported to work on the next day April 3, 2008 and commenced her employment.

9.      Defendant's assistant store manager, who was showing pregnant at the time, was giving Plaintiff a tour of the store.  Plaintiff noticed wet floor conditions and expressed concern the pregnant assistant manager may fall. Plaintiff told her that she thought she, herself, may be pregnant.  The assistant store manager responded that she should have told the manager the previous day when she was hired.

10.     Later, during the same work shift, the assistant store manager sent plaintiff home prior to the end of the scheduled work shift. She told Plaintiff that she had also talked to the manager who said she would not have hired Plaintiff had she known she might be pregnant.

11.     Plaintiff returned to work as scheduled the next day, Friday afternoon, April 4, 2008.  Upon her arrival, the assistant store manager told Plaintiff she could not return to work until she took a pregnancy test and confirmed she was not pregnant.

12.     Plaintiff attempted to call the store manager on both Monday and Tuesday the following week, but she was told on both occasions that the store manager was not at the store. Plaintiff called again on Wednesday, May 9, 2008 and was told the manager was busy and that she should call back at 3:30.  Plaintiff instead went to the store.  Upon her arrival, the store manager

2

saw her and then took the general manager or owner, who was at the store at the time, into an office.  Another employee came out of the office shortly thereafter and told Plaintiff that the general manager or owner said he could not hire her.

13.     Plaintiff's employment was terminated.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.     On April 14, 2008, Plaintiff timely filed a Charge of Discrimination with the South Carolina Human Affairs Commission and with the United States Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII and the ADEA, as she now alleges in this action.

15.     On November 3, 2008, the EEOC issued a Notice of Right to Sue to Plaintiff, a copy of which is incorporated and attached as Exhibit 1.

16.     This action is being filed within ninety (90) days of Plaintiff's receipt of this Notice.

17.     There are no other administrative procedures Plaintiff is required to exhaust.  There are no jurisdictional prerequisites to the commencement of this action.

### CAUSE OF ACTION
(*Title VII Violation*)

18.     The above allegations are incorporated as if fully set forth herein.

19.      Defendant was motivated by Plaintiff's pregnancy status in terminating her employment.

20.     Defendant's conduct constitutes pregnancy discrimination under Title VII.

21.     Plaintiff has been harmed and damaged as a result of Defendant's unlawful conduct and is entitled to relief as allowed by Title VII.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all her claims and as to all issues so triable.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury and relief as follows:

a.      back pay and reinstatement or front pay in lieu of reinstatement;

b.      compensatory and punitive damages;

c.      injunctive relief;

d.      an award to Plaintiff for her attorneys' fees, costs and expenses; and

e.      an award of such other legal and equitable relief to which she may be entitled.

Respectfully submitted,


s/ Lovic A. Brooks, III
Lovic A. Brooks, III (I.D. # 1495)
BROOKS LAW FIRM, LLC
1122 Lady Street, Suite 1025 (29201)
PO Box 136
Columbia, South Carolina 29202
Telephone: (803) 254-5300
Facsimile: (803) 254-5353
lbrooks@brooks-law-firm.com

ATTORNEY FOR PLAINTIFF

Columbia, South Carolina
January 8, 2009